UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **TRAVON STEWART**, <br><br> Petitioner, <br> v. <br><br> DEBBIE ASUNCION, Warden, <br><br> Respondent. | **Case No. ED CV 16-02297-VBF (JDE)** <br><br> ORDER Adopting the R&R: <br><br> Denying the Habeas Corpus Petition; <br> Denying Document #27 (Stay Motion); <br> Directing Entry of Separate Judgment; <br> Dismissing Action With Prejudice; <br> Terminating the CVase (JA-6) |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Answer with supporting materials, the records on file, and the Report and Recommendation ("R&R") of the Magistrate Judge. No party filed timely objections. The Court accordingly adopts the R&R.

    Although Petitioner did not file objections to the R&R, he did file a "Motion to Stay and Abeyance Under Rhines" (Document ("Doc") 27) on April 16, 2018, after issuance of the R&R. For reasons set forth below, the Court will deny petitioner's motion for stay and abeyance.

    Plaintiff asserts that "after reviewing the [R&R], it has come to the

Petitioner's attention that he has filed a mixed Petition." Mot. at 1. Petitioner purports to recite the procedure for a stay of a mixed petition in Rhines v. Weber, 544 U.S. 269 (2005) and argues that his unspecified "unexhausted claims have merit." Mot. at 2. He asserts that his "good cause" for requesting a stay is that he is ignorant of the law and was not aware that his attorney failed to raise the unspecified claims on appeal. Id. As a result, he seeks a stay to "exhaust his state remedies" for the unspecified unexhausted claims.

Under Rhines, 544 U.S. at 277-78, courts have discretion to stay a mixed petition and to hold it in abeyance while a petitioner exhausts his remaining claims in state court, but only in "limited circumstances" where petitioner can show: (a) he has good cause for failure to exhaust; (b) the unexhausted claims are potentially meritorious and not "plainly meritless"; and (c) there is no indication that he engaged in abusive litigation tactics or intentional delay.

Focusing on the second element, Petitioner has not shown that the potentially unexhausted claim or claims, which he does not identify, are "potentially meritorious." The R&R sets forth detailed analysis of each of Petitioner's grounds and properly concludes that habeas relief is not warranted. As a result, none of the grounds in the Petition is potentially meritorious.

The only reference in the R&R to exhaustion is an analysis of the standard of review of what the Magistrate referred to as Ground Four(d), the claim that instances of prosecutorial misconduct "collectively" violated due process. R&R at 11. The Magistrate noted it was questionable whether that "collective" sub-ground had been considered on the merits by the state courts – although the Magistrate found that the individual, non-collective grounds, the remainder of Ground Four, had been presented to the state Supreme Court. R&R at 10-11. In an "abundance of caution," the Magistrate conducted de novo review of Four(d) rather than applying the highly deferential standard of

review set forth in AEDPA, citing <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 390 (2010) ("[c]ourts can . . . deny . . . under § 2254 by engaging in <u>de novo</u> review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ . . . if his or her claim is rejected on <u>de novo</u> review") and <u>Fox v. Johnson</u>, 832 F.3d 978, 986 (9th Cir. 2016) (habeas court need not decide whether AEDPA's deferential standard of review applies to petition, but may instead review petition <u>de novo</u> (citing <u>Berghuis</u>, 560 U.S. at 390)). R&R at 11. The Magistrate found that under AEDPA deferential review or <u>de novo</u> review, Four(d) did not warrant relief. <u>Id.</u> at 43-45.

The Court agrees. The only claim that is even arguably unexhausted is, like all of the claims, not potentially meritorious, even under the <u>de novo</u> standard which the R&R employed. Petitioner is not entitled to a <u>Rhines</u> stay.

## ORDER

The Report and Recommendation **[Doc # 24] is ADOPTED**.

**The Motion for a *Rhines* Stay and Abeyance [Doc # 27] is DENIED**.

The petition for a writ of habeas corpus **[Doc # 1] is DENIED**.

This action shall be **DISMISSED with prejudice**.

The case shall be **TERMINATED (js-6)**

Separate final judgment shall be entered consistent with this Order.

Dated: May 7, 2018

*Valerie Baker Fairbank*

VALERIE BAKER FAIRBANK
Senior United States District Judge

3